[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12161
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00015-AT-JSA-28

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOKELERA COPELAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2020)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jokelera Copeland appeals her 18-month conviction for conspiracy to engage in extortion under color of official right. Copeland argues that the district court erred—in her second trial—by imposing limitations on her ability to cross-examine Special Agent James Hosty, who testified in her first trial that he made false statements to her during an interview to attempt to elicit information—a lawful interrogation technique. Copeland argues that the questions she would have asked Hosty on cross-examination in the second trial related to his credibility.

The district court has broad discretion under the Federal Rules of Evidence to determine the permissible scope of cross-examination and will not be reversed except for clear abuse of that discretion. *United States v. Jones*, 913 F.2d 1552, 1564 (11th Cir. 1990). The Federal Rules of Evidence state that cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. Fed. R. Evid. 611(b).

It is well established that the right of confrontation guaranteed by the Sixth Amendment includes the right of cross-examination. *United States v. Lankford*, 955 F.2d 1545, 1548 (11th Cir. 1992). However, the defendant's right to cross-examine witnesses is not without limitation: he is entitled only to an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1366 (11th Cir. 1994).

The denial of a defendant's Confrontation Clause right to cross-examination is examined for harmless error. *United States v. Ndiaye*, 434 F.3d 1270, 1286 (11th Cir. 2006). The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. *Id.* This inquiry considers factors such as the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross examination otherwise permitted, and, of course, the overall strength of the prosecution's case. *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

Here, assuming arguendo, but not deciding, that the district court abused its discretion in limiting Copeland's cross-examination of a government's witness, we must conclude that any error was harmless. That is so because her proposed question regarding the witness's use of false statements during an interview was not probative of the testimony provided on direct examination or of Copeland's culpability and did not reflect on the witness's credibility when he was testifying under oath.

On direct examination, the government asked Hosty to authenticate wire transfer records, prison records, and driver's license records. Copeland then

3

proposed to ask Hosty: "did you have a conversation with Ms. Copeland where you lied to her about whether there was video evidence against her involving an undercover operation." Before the conclusion of Hosty's testimony, the court issued a written order barring Copeland's proposed cross-examination of Hosty regarding his false statements during his interviews of Copeland. The court found that, based on Hosty's direct examination and the evidence submitted, there was no evidentiary basis upon which Copeland could show that Hosty's false statements to her contradicted or disproved one or more of the facts material to the case.

Even assuming error for purposes of this discussion, any error was harmless. Hosty's false statements are not probative of the disputed issue, that is, whether Copeland is culpable of the charged extortion conspiracy. Hosty's testimony in the second trial consisted of introducing records. *See* Fed. R. Evid. 611(b); *Baptista-Rodriguez*, 17 F.3d at 1366. Moreover, Hosty's use of lawful interview techniques bears little, if any, evidence of his credibility to introduce wire-transfer records, prison records, and driver's license records while under oath—which the jury would be able to independently evaluate. As such, any error in limiting his cross-examination of Hosty regarding interview techniques would be harmless. *See Ndiaye*, 434 F.3d 1286; *Van Arsdall*, 475 U.S. at 684.

AFFIRMED.

4